18 MAG 5867

Approved: _____
KYLE A. WIRSHBA
Assistant United States Attorney

Before: THE HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            : COMPLAINT

           - v. -                   : Violations of
                                      18 U.S.C. §§ 922(g)(1) and
SEAN FAIRCLOUGH,                    : (2)

                                    : COUNTY OF OFFENSE:
           Defendant.                 BRONX
                                    :

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Firearms Suppression Section, and charges as follows:

COUNT ONE

1.  On or about April 1, 2018, in the Southern District of New York, and elsewhere, SEAN FAIRCLOUGH, the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, ammunition, to wit, two rounds of Starline .380 caliber jacketed hollow point ammunition, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2.  I am a Detective assigned to the Firearms Suppression Section of the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon that experience, my conversations with other law enforcement officers

and others, and my examination of reports, records, and video footage. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my involvement in this investigation and my conversations with two NYPD officers ("Officer-1" and "Officer-2") and an NYPD sergeant ("Sergeant-1") (collectively, "Officers"), who were directly involved in the events described below, and my review of reports prepared by law enforcement officers, I have learned, among other things, the following:

   a. On or about April 1, 2018, the Officers responded to a 911 call reporting that multiple gunshots had been fired near the intersection of East 163rd Street and Tiffany Street in the Bronx, New York. The Officers were in an unmarked police vehicle and were dressed in plainclothes.

   b. As the Officers were driving on 163rd Street, they observed a group of approximately ten adults, including SEAN FAIRCLOUGH, the defendant, on the sidewalk near the intersection of East 163rd Street and Kelly Street in the Bronx, New York.

   c. The Officers pulled over on East 163rd Street and exited the unmarked vehicle. Officer-1 and Officer-2 approached the afore-mentioned group of adults, while Sergeant-1 remained near the unmarked vehicle.

   d. Officer-1 approached FAIRCLOUGH and attempted to speak to him. As Officer-1 did so, he observed a firearm tucked into the right side of the waistband of FAIRCLOUGH's pants.

   e. Officer-1 took the firearm from FAIRCLOUGH's waistband. FAIRCLOUGH then began running east on 163rd Street, where he was stopped by Sergeant-1. FAIRCLOUGH was restrained and subsequently placed under arrest.

   f. This interaction was caught on video, which I have reviewed.

   g. Following the arrest, FAIRCLOUGH was taken to a police precinct. Before FAIRCLOUGH entered the precinct, he stated to the Officers, in substance and in part, that he had the firearm because he felt that law enforcement was not adequately doing its job.

h. At the precinct, an NYPD Evidence Collection Team determined that the firearm was loaded with ammunition (the "Ammunition")

4. Based on my review of an NYPD Firearm Examination Report and other records, I have learned that the Ammunition recovered from SEAN FAIRCLOUGH, the defendant, is two rounds of Starline .380 caliber jacketed hollow point ammunition.

5. Based on my training and experience, and my communications with other law enforcement agents, including other Special Agents from ATF who are familiar with the manufacturing of ammunition, I know that the Ammunition was not manufactured in New York State.

5. I have reviewed criminal history records for SEAN FAIRCLOUGH, the defendant, from which I have learned that on or about July 9, 2014, in New York State Supreme Court, Bronx County, FAIRCLOUGH was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law Section 220.16, a crime punishable by a term of imprisonment exceeding one year.

WHEREFORE, deponent respectfully requests that an arrest warranted by issued for SEAN FAIRCLOUGH, the defendant, and that FAIRCLOUGH be arrested, and imprisoned or bailed, as the case may be.

JASON LANDUSKY
Detective
New York City Police Department

Sworn to before me this
10th day of July 2018

THE HONORABLE ~~ONA T. WANG~~ Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3